Alan G. Crowley, Bar No. 203438
Weinberg, Roger & Rosenfeld
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone: (510) 337-1001
Fax: (510) 337-1023
E-Mail: acrowley@unioncounsel.net
Attorneys for Plaintiffs and Opt-in Plaintiffs

Brian P. Walter, Bar No. 171429
Laura J. Kalty, Bar No. 199520
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Centruy Blvd, Suite 500
Los Angeles, California 90045
Telephone: (310) 981-2000
Fax: (310) 337 0837
E-Mail: lkalty@lcwlegal.com
Attorneys for Defendant, County of Riverside

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MARK GRAYS, JACKIE NAPOLES, LISA TERRELL, PAMELA STONE, SUSAN BROWN, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE COUNTY OF RIVERSIDE,<br><br>Defendants. | No. EDCV 08-01746 JTM<br><br>**JOINT MOTION TO APPROVE SETTLEMENT** |

Plaintiffs and Defendant, by and through their undersigned attorneys, hereby submit this Joint Motion to Approve Settlement. This Joint Motion is made and based upon the papers and pleadings on file herein, the following Points and Authorities and any oral argument entertained by the Court.

Dated: 7/3/12

WEINBERG, ROGER & ROSENFELD

ALAN CROWLEY,
Attorneys for Plaintiffs

Dated: 7/2/12

LIEBERT CASSIDY WHITMORE

LAURA J. KALTY,
Attorneys for Defendant

## I. POINTS AND AUTHORITIES

Plaintiffs filed suit in December 2008 alleging the County violated the FLSA by misclassifying employees as exempt from overtime pursuant to the exemptions for administrative, executive, professional, and computer employees set forth in 29 U.S.C. § 213 of the Fair Labor Standards Act ("FLSA"), and alleging that the County improperly stopped paying overtime to several hundred County employees on or around July 1, 2008. However, effective August 1, 2009, the County entered into a Memorandum of Understanding with the Service Employees International Union Local 721 ("SEIU") to resume paying overtime, which limited the alleged damages in the lawsuit to the time period of July 1, 2008 to August 1, 2009.

During the opt-in filing period for this lawsuit, 131 plaintiffs filed "opt-ins." The test for determining whether an employee qualifies for an FLSA exemption has two parts: the salary basis test and the duties test. At the parties' suggestion, the Court ordered that discovery and dispositive motions be bifurcated; the first phase would focus on the salary basis test, and the second phase would focus on the duties

test. Following the first phase of discovery and motions for partial summary judgment, the Court ruled in August 2011 that the County met the salary basis test as to all 131 Plaintiffs.

Evidence produced during discovery revealed that four (4) of the Plaintiffs (LVN II Carrie Benton, LVN II Gloria Christman, LVN II Debra Pinkerman, and per-diem RN III Debbie Shannon) had never been reclassified by the County as exempt and thus had been paid overtime during the time period at issue; three (3) of the Plaintiffs had been classified as Children's Social Services Workers V (Sherilyn Shockey-Pope, Geovanna Asturias, and Alicia Broderick) and were already paid overtime during the time period at issue pursuant to a side-letter agreement between the County and SEIU dated August 2007. These seven (7) Plaintiffs already classified as non-exempt and/or already paid overtime for the time period at issue should properly be dismissed from this action since they were paid their overtime wages and have no claim for damages.

Evidence produced during discovery also revealed that one hundred (100) of the Plaintiffs were State of California registered nurses; and the remaining 24 Plaintiffs worked in miscellaneous job classifications, including IT (information technology), Accountant classifications, and other classifications.

Pursuant to FLSA regulations (29 C.F.R. § 541.301(e)(2)), once the salary basis test has been met, "[r]egistered nurses who are registered by the appropriate State examining board generally meet the duties requirements for the learned professional exemption." (*See, Powell v. American Red Cross* (D.D.C 2007) 518 F.Supp.2d 24; *see also, Mudgett v. University of Pittsburg Medical Center* (W.D.Penn 2010) 2010 WL 1838413; *Cavanaugh v. Southern California Permanente Medical Group, Inc.* (C.D.Cal. 2008) 583 F.Supp.2d 1109, 1133.) As this Court already determined that the County met the salary basis test for all of the Plaintiffs, and as the regulations and case law hold that the duties test is generally

3

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

JOINT MTN. TO APPROVE SETTLEMENT
Case No. EDCV 08-01746 JTM

114333/661100

satisfied for registered nurses, the 100 Plaintiff registered nurses should be dismissed from this action as well.

As to the 24 miscellaneous classification Plaintiffs, there is a bona fide dispute as to whether they were properly classified as exempt. To determine the proper classification for these Plaintiffs, significant and lengthy discovery will need to be conducted, including a detailed audit of all of the job duties actually performed by the employee and the percentage of time spent on each of the job duties, during the time period at issue. Once this information is collected, the parties and the Court would be required to make difficult factual determinations to ascertain whether the 24 miscellaneous classification Plaintiffs were properly classified. Thus, the parties are moving the Court to approve the proposed settlement as a fair and reasonable resolution of the bona fide dispute over FLSA coverage for these remaining 24 Plaintiffs.

In the interest of finality, compromise, and efficiency, and given the limited number of disputed opt-in claims and the limited period of damages, the parties have, subject to court approval, reached a global resolution of this matter -- without any admission of liability which is expressly denied -- for the sum of $100,000. Each party will be responsible for their own attorneys' fees and costs. A Stipulation of Settlement, with a procedure for notifying opt-in plaintiffs and distributing settlement proceeds to those opt-ins who respond, is attached hereto as **Exhibit 1**.

Settlement of FLSA claims are subject to court approval. "FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litigation*, 2009 WL 3253947, 2 (D. Ariz. 2009) (*citing Prater v. Commerce Equities Mgmt. Co.*, 2008 WL 5140045, 9 (S.D. Tex. 2008); *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th

Cir.1982)). "The court 'may approve a settlement if it reflects a reasonable compromise over issues.'" *Sepracor, supra,* 2009 WL 3253947 at 2 (*citing Hand v. Dionex Corp.,* 2007 WL 3383601, at 1 (D. Ariz. 2007); *Lynn's, supra,* 679 F.2d at 1354).

As far as the factors a court should consider in approving an FLSA settlement, the case law is somewhat limited. *See, e.g., Stainaker v. Novar Corp.,* 293 F.Supp. 2d 1260, 1263 (M.D. Ala. 2003) [the willingness of the plaintiff to agree to the settlement and the existence of bona-fide disputes over coverage and damages cited in approval of settlement]; *Murillo v. Texas A&M University System,* 921 F.Supp. 443 (S.D. Tex 1996) [experience of counsel a key factor in evaluating the settlement of case involving the FLSA and a panoply of other federal labor laws].

Some courts have therefore considered the factors used to evaluate settlement of Rule 23 class actions. *See, Camp v. Progressive Corp.,* 2004 WL 2149079 (E.D. La. Sept. 23, 2004) ["[T]he Rule 23(e) standard encompasses the `fair and reasonable' settlement standard of the FLSA collective action, and cases interpreting Rule 23(e) are analogous and applicable to the instant FLSA actions. "]. These factors include: (1) the strength of plaintiffs' case; (2) the risk; (3) the expense, complexity, and likely duration of further litigation; (4) the risk of maintaining class action status throughout trial; (5) the amount offered in settlement; (6) the extent of discovery completed; (7) the stage of the proceedings; (8) the experience and views of counsel; and (9) the reaction of class members to the proposed settlement. *Sutton v. Boeing Co.,* 327 F.3d 938 (9th Cir. 2003).

As detailed in the attached Stipulation of Settlement, the balance of these factors weighs in favor of the Court approving the proposed settlement. Moreover, the Court should bear in mind the strong presumption in favor of finding the settlement fair. *See, Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

JOINT MTN. TO APPROVE SETTLEMENT
Case No. EDCV 08-01746 JTM

5

114333/661100

1992). The Court should also consider that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *Dail v. Goerge A. Arab, Inc.*, 391 F.Supp.2d 1142, 1145 (M.D. Fla. 2005), *citing In re Gen. Motors Corp. Pick- Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995).

      The proposed Settlement is a fair and reasonable compromise of disputed claims and reflects a good faith resolution of issues. Plaintiffs advocated that Defendant was liable for alleged unpaid wages, liquidated damages and attorneys' fees. Defendant, on the other hand, strongly contested liability under the FLSA. There are genuine disputes as to, among other things, whether Plaintiffs were properly classified as exempt under the duties basis test for the administrative, professional, executive, and computer employee exemptions under the FLSA; whether Defendant would have been liable for liquidated damages; whether Plaintiffs actually worked overtime and/or the extent of their alleged overtime work; and the extent to which any attorneys' fees would be awarded. The settlement agreement is not a product of collusion between the parties. The proposed settlement is "a fair and reasonable compromise of a bona fide dispute under the FLSA." *Prater, supra,* 2008 WL 5140045, at 2.

///
///
///
///
///
///
///
///
///

For these reasons the parties respectfully request that the Court: (1) grant the Joint Motion to Approve Settlement in its entirety; (2) approve the Stipulation of Settlement as a fair and reasonable compromise of a bona fide dispute; and, (3) dismiss this action with prejudice, each party to bear their own attorneys' fees and costs upon the conclusion of the claims process.

Dated: 7/3/12                                   Dated: 7/2/12

WEINBERG, ROGER & ROSENFELD            LIEBERT CASSIDY WHITMORE


_____              _____
ALAN CROWLEY,                           LAURA J. KALTY,
Attorneys for Plaintiffs                Attorneys for Defendant

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7

JOINT MTN. TO APPROVE SETTLEMENT
Case No. EDCV 08-01746 JTM

114333/661100